IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2834 |
| | : | |
| v. | : | |
| | : | |
| ERIK J. GUTOWSKI, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                December 8, 2022

 The defendant allegedly caused an automobile accident while operating an equipment rental company's truck. The accident victim then sued the defendant and the equipment rental company for negligence in state court. The plaintiff insurer, which had issued a business automobile policy to the rental company that was in effect at the time of the accident, agreed to provide a defense to the defendant, but under a reservation of rights. The insurer has now filed this action where it seeks a declaration that it is not obligated to defend or indemnify the defendant in the state-court action.

 Although the insurer recognizes that the rental company's policy provided that the insurer would cover individuals who used the rental company's vehicles with its permission, the insurer asserts that the defendant was not a permissive user of the rental company's truck as evidenced by the defendant pleading guilty to the unauthorized use of the truck and the accident victim's acknowledgment in the operative state-court complaint that the defendant was not permitted to use the truck. Therefore, the insurer contends that the defendant was not insured under its policy with

the rental company and, thus, it has no obligation to defend or indemnify the defendant in the state-court action.

Unfortunately, despite being properly served with the complaint, the defendant has chosen to not participate in this action. Currently before the court is the plaintiff's motion for a default judgment. The defendant also has not responded to this motion.

Although the court favors having a matter heard on the merits, the court's review of the factors applicable when considering a motion for a default judgment demonstrates that the entry of a default judgment is the appropriate result in this action. Accordingly, the court will grant the motion for a default judgment.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff, Zurich American Insurance Company ("Zurich"), commenced this action by filing a declaratory judgment complaint against the defendant, Erik J. Gutowski ("Gutowski"), on July 20, 2022. Doc. No. 1. In the complaint, Zurich alleges that there is a negligence action pending in the Court of Common Pleas of Montgomery County titled, *Noble v. The Party Center and Erik Gutowski*, Civ. A. No. 2020-10928. *See* Compl. at ¶¶ 7, 14, and Ex. A. In the operative complaint in that state-court action, the plaintiff, Karen Noble ("Noble"), avers that on August 10, 2019, at 12:30 a.m., Gutowski was operating a 2004 Chevrolet Silverado (the "Silverado") owned by Total Rental, Inc. ("Total Rental") in Upper Merion Township, Pennsylvania, when he crossed over into the oncoming lane and struck a vehicle Noble was operating. *See id.* at ¶¶ 4, 5, 12 (citing 3d Am. Compl. at ¶ 8, *Noble v. The Party Ctr. and Erik Gutowski*, Civ. A. No. 2020-10928 (Montgomery

Cnty. Ct. Com. Pl.) ("*Noble* 3d Am. Compl.")).[1] Noble alleges that Total Rental was employing Gutowski at the time of this accident. *See id.* at ¶ 13 (citing *Noble* 3d Am. Compl. at ¶ 17).

Total Rental, which rents equipment for events and parties, had a business automobile policy with Zurich which was effective at the time of the accident (the "Policy").[2] *Id.* at ¶¶ 4, 22, and Ex. D. This Policy granted the following coverage:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*Id.* at ¶ 23 (quoting Policy). The Policy also defined an "insured" as follows:

> 1. The following are "insureds":
>
> a.  You[3] for any covered "auto".
>
> b.  **Anyone else while using with your permission a covered "auto" you own or borrow except:**

---

[1] Zurich attaches the third amended complaint in the *Noble* action to the complaint as exhibit A. *See* Doc. No. 1-4. It appears that the operative pleading has changed the caption to reflect that the defendants are Gutowski and Total Rental. *See id.* at ECF p. 5.

[2] Zurich identifies the policy as Business Auto Policy No. BAP 0191082-03. *See* Compl. at ¶ 22. Zurich also attaches a copy of this policy to the complaint as exhibit D. *See* Doc. No. 1-7.

[3] The term "You" refers "to the Named Insured shown in the Declarations," and Total Rental is the "Named Insured." Compl. at ¶ 26 (quoting Policy).

(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*Id.* at ¶ 24 (quoting Policy) (footnote added). In addition, the Policy contained an endorsement which provided that "[a]ny 'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." *Id.* at ¶ 25 (quoting Policy).

Although Zurich informed Gutowski that it would provide a defense in the *Noble* action subject to a reservation of rights, it now asserts that Gutowski does not qualify as an "insured" under the Policy. *See id.* at ¶¶ 15, 33. In this regard, Zurich points out that although Total Rental permitted its employees to operate the Silverado for matters related to its business, *see id.* at ¶ 6, Gutowski did not have permission to use the Silverado at the time of the accident. *See id.* at ¶¶ 28–32.

In support of the allegation that Gutowski lacked permission to use the Silverado at the time of the accident, Zurich avers that Gutowski pleaded guilty to Unauthorized Use of Automobiles and Other Vehicles on December 17, 2019 in the Court of Common Pleas of Chester

County. *See id.* at ¶ 18 (citing to Docket, *Commonwealth v. Gutowski*, No. CP-15-CR-3222-2019 (Chester Cnty. Ct. Com. Pl.)). Gutowski's charges and plea arose out of the August 10, 2019 accident at issue in this case. *See id.* at ¶¶ 18, 19. During the plea hearing, Gutowski admitted that he was no longer an employee at Total Rental because it had fired him. *See id.* at ¶ 19 (quoting Dec. 17, 2019 Tr. at 5, *Commonwealth v. Gutowski*, No. CP-15-CR-3222-2019 (Chester Cnty. Ct. Com. Pl))[4]. Gutowski also admitted that he took the Silverado "without [Total Rental's] permission and operated [it]" on August 10, 2019. *See id.* (quoting Dec. 17, 2019 Tr. at 5, *Commonwealth v. Gutowski*, No. CP-15-CR-3222-2019 (Chester Cnty. Ct. Com. Pl)).

In addition to this plea evidencing Gutowski's lack of permission to use the Silverado, Zurich asserts that Noble "concedes that Gutowski operated the . . . Silverado 'without authorization' of Total Rental" when she alleged in her complaint that

> . . . Plaintiff believes, and therefore avers, that under the circumstances alleged herein, it was reasonable and foreseeable that Defendant Gutowski would operate Total Rental Vehicles at times when Defendant Gutowski was outside the course and scope of his employment with Defendant Total Rental.
>
> . . . Plaintiff believes, and therefore avers, that by permitting Defendant Gutowski to operate Total Rental vehicles under the circumstances alleged herein, it was reasonable and foreseeable that Defendant Gutowski would operate Total Rental Vehicles without authorization from Total Rental.

*Id.* at ¶ 20 (quoting *Noble* 3d Am. Compl. at ¶¶ 29, 30).

Since Gutowski did not use the Silverado with Total Rental's permission, Zurich asserts that Gutowski did not qualify as an "insured" under the Policy at the time of the accident. *See id.* at ¶ 33. As such, Zurich claims that it does not have (1) "an obligation under the terms and conditions of the Zurich Policy to defend or indemnify Gutowski in the Noble Litigation" and (2) "any insuring obligation owing [to] Gutowski under the Zurich Policy for the [accident] and the

---

[4] Zurich attaches a copy of this transcript to the complaint as exhibit C. *See* Doc. No. 1-6.

Noble Litigation." *Id.* at ¶¶ 34, 35. Accordingly, Zurich seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202 ("DJA"), that it is not obligated to defend or indemnify Gutowski in the *Noble* action. *See id.* at 8.

Zurich properly served Gutowski with the summons and complaint on September 19, 2022, when its process server hand-delivered those documents to Gutowski. *See* Aff. of Service at 1, Doc. No. 5. Based on this date of service, Gutowski had until October 11, 2022, to file a responsive pleading to the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint . . . .").[5] Gutowski never filed a responsive pleading nor sought an extension of time to do so. As such, on October 19, 2022, Zurich requested that the clerk of court enter default against Gutowski for his failure to appear, plead, or otherwise defend. *See* Doc. No. 7. On the same date, the clerk of court entered default against Gutowski. *See* Unnumbered Docket Entries Between Doc. Nos. 7 and 8.

On November 7, 2022, Zurich filed the instant motion for entry of a default judgment. *See* Doc. No. 9. Zurich included with the motion a certificate of service indicating that it served Gutowski with the motion via US mail. *See* Doc. No. 9-5. Gutowski has not responded to the motion, otherwise appeared, or filed any document with the court. Therefore, the motion for entry of a default judgment is ripe for resolution.

---

[5] Technically, the 21-day period concluded on October 10, 2022; however, that date is a federal holiday. As such, Gutowski had an additional day to respond to the complaint. *See* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## II.      DISCUSSION

### A.      <u>Standard of Review – Motions for Default Judgment</u>

Rule 55 of the Federal Rules of Civil Procedure governs the entry of a default judgment. Rule 55(a) indicates that the clerk of court "must enter" default against a party "whom a judgment for affirmative relief is sought" when the party "has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b) then provides the procedure and requirements for the entry of a default judgment by the clerk of court or the court. Fed. R. Civ. P. 55(b).

The clerk of court's entry of default under Rule 55(a) because of a party's failure to respond is the first step and a prerequisite before the party seeking a "judgment for affirmative relief" can attempt to move for the entry of a default judgment under Rule 55(b). *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (per curiam) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."). Once the clerk of court enters default, and if the case is one in which the plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation," the plaintiff can proceed to the second step and seek to have the court enter a default judgment. *See* Fed. R. Civ. P. 55(b)(2) (indicating that in all cases not involving a "plaintiff's claim . . . for a sum certain or a sum that can be made certain by computation," the moving party "must apply to the court for a default judgment"). After a party applies to the court for a default judgment, the court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:  **(A)** conduct an accounting; **(B)** determine the amount of damages; **(C)** establish the truth of any allegation by evidence; or **(D)** investigate any other matter." *Id.*

Even if the clerk of court enters default against a party, the district court retains the discretion whether to enter a default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (explaining that appellate court reviews district court's entry of default judgment for abuse of discretion); *Serv. Emps. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 634 (E.D. Pa. 2018) ("Whether or not to grant a party's motion for entry of default judgment 'is left primarily to the discretion of the district court.'" (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984))). In addition, default judgments are generally disfavored over a resolution of a case on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."); *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (stating that the Third Circuit "does not favor entry of defaults or default judgments").

A district court must consider three factors in determining whether to grant a default judgment: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citation omitted).[6] Courts in this district have also considered other

---

[6] Because *Chamberlain* is a published decision by the Third Circuit Court of Appeals that is binding on this court, the court must follow it in analyzing the instant motion. Nonetheless, as the undersigned has previously pointed out, *see LNV Corp. v. Catalano*, Civ. A. No. 15-3219, 2015 WL 4941962, at *3 n.6 (E.D. Pa. Aug. 19, 2015), the Third Circuit (albeit in an unpublished opinion) has recognized that "*Chamberlain*, perhaps counterintuitively, applies this three-part test to the motion seeking a default judgment whereas the case on which *Chamberlain* relies-*$55,518.05 in U.S. Currency*-sets out the test in the context of a motion to overturn a default judgment." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). As the Honorable Marjorie O. Rendell noted in a concurring opinion in *Hill*, the *Chamberlain* court

> may have unwittingly imposed an unrealistic and misplaced burden on plaintiffs, and unduly constrained the discretion of district courts. For instance, it makes little sense for a plaintiff to be required to demonstrate that a defendant does not have meritorious defenses when the defendant has failed to respond. As I see it, a defendant moves to set aside the default judgment because it asserts it has meritorious defenses.

*Id.* at 53 (Rendell, J., concurring). Other district courts have also emphasized the concerns expressed by Judge Rendell. *See, e.g.*, *Wolverton v. Padgett-Patterson*, Civ. A. No. 3:20-CV-1963, 2022 WL 452405, at *3 n.1 (M.D. Pa. Feb. 14, 2022) (discussing issue with *Chamberlain* identified by Judge Rendell in *Hill* and stating that court "echo[es] and

factors, including, *inter alia*, whether the court has subject-matter jurisdiction and personal jurisdiction, whether service of process was proper, and whether the complaint establishes a legitimate cause of action against the defendant. *See, e.g.*, *Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-1066, 2010 WL 1303449, at *4 (E.D. Pa. Mar. 31, 2010) (stating that "as a threshold matter [before entering default judgment,] we must determine whether the [complaint] establishes a legitimate cause of action" and, after reaching this determination, "we should also ensure that we have both personal and subject matter jurisdiction"); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) ("[A]s a threshold matter [before entering default judgment], the court must first satisfy itself that it has personal jurisdiction over the party against whom default judgment is requested.").

Additionally,

> [t]he court accepts as true the well-pleaded factual allegations in the plaintiff's complaint, except those relating to damages, as though they were admitted or established by proof, as well as all reasonable inferences that can be drawn therefrom. Conclusory allegations and the parties' legal theories or conclusions of law, however, are not entitled to the same presumption and are not deemed admitted.

*State Farm Fire & Cas. Co. v. Hunt*, No. CIV. A. 14-6673, 2015 WL 1974772, at *3 (E.D. Pa. May 4, 2015) (internal citations omitted).

---

fully agree[s] with Judge Rendell's concerns. Common sense dictates that the burden of proffering a meritorious defense should fall upon the shoulders of a defendant who seeks to set aside a default; we see no justification for transposing that burden to a plaintiff seeking an entry of default judgment against a defendant who has failed to appear."); *see also Serv. Emps. Int'l Union Local 32BJ, Dist. 36*, 325 F. Supp. 3d at 635 n.1 ("To the extent the *Chamberlain* factors are "counterintuitive" where a defendant has not appeared in the action, they are still the law in the Third Circuit, and the Court is bound to apply them.").

### B.   Analysis

After considering the above-referenced factors, granting Zurich's motion for a default judgment and entering a default judgment in the nature of a declaration that Zurich has no duty to defend or indemnify Gutowski in the *Noble* action is appropriate in this case. The court addresses each factor in turn.

### 1.   Subject-Matter Jurisdiction

In filing the complaint in this case, Zurich invokes this court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Compl. at ¶ 3 (identifying basis for jurisdiction). This court has diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ."). In this regard, the parties are completely diverse insofar as Zurich is a citizen of the States of New York and Illinois and Gutowski is a citizen of the Commonwealth of Pennsylvania. *See* Compl. at ¶¶ 1, 2 (alleging parties' respective citizenship);[7] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" (quoting *Lincoln Prop. Co. v.*

---

[7] As a corporation, Zurich is "deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *see Zambelli*, 592 F.3d at 419 ("A corporation is a citizen both of the state where it is incorporated and the state where it has its principal place of business . . . ." (citations omitted)). As an individual, Gutowski is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." (citation omitted)).

*Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d

Cir. 2010) (internal footnotes omitted))).

In addition, even though this is a declaratory judgment action which "do[es] not directly

involve the award of monetary damages," the amount-in-controversy requirement under section

1332(a)(1) is satisfied. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 (3d Cir.

2016). When measuring the amount-in-controversy in a declaratory judgment case, the court looks

to "the value of the object of the litigation." *Id.* (quoting *Hunt v. Wash. State Apple Advert.*

*Comm'n*, 432 U.S. 333, 347 (1977)). "In an insurance coverage declaration action, courts look to

the value of the insurance policy and the damages alleged in the underlying case to determine

whether the jurisdictional amount in controversy has been met." *Homesite Ins. Co. v. Neary*, Civ.

A. No. 17-2297, 2017 WL 5172294, at *2 (E.D. Pa. Nov. 8, 2017) (citing *Jumara v. State Farm*

*Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d

Cir. 1987)).

Here, Zurich's policy provides for $1 million for each "accident" involving a covered

automobile. *See* Compl., Ex. D, Policy at ECF pp. 18, 25, Doc. No. 1-7. Also, the operative

complaint in *Noble* alleges that Noble suffered serious injuries in the accident, and its description

of those injuries sufficiently shows that the amount in controversy in that state-court tort action

exceeds $75,000. *See Noble* 3d Am. Compl. at ¶¶ 10–14 (describing injuries). Therefore, the court

has no difficulty in determining that the amount in controversy in this case exceeds $75,000,

exclusive of interest and costs.

## 2.   Discretionary Jurisdiction Under the DJA[8]

Even though this court has subject-matter jurisdiction over this declaratory judgment action, the court must determine whether to exercise this jurisdiction under the DJA.[9] *See Main St. Am. Assurance Co. v. United Insulation Servs., Inc.*, Civ. A. No. 20-3430, 2022 WL 970841, at *5 (E.D. Pa. Mar. 31, 2022) ("[E]ven when subject matter jurisdiction exists, district courts have substantial discretion to decline jurisdiction and abstain from hearing a declaratory judgment action." (citations omitted)). This is due to the fact that "a district court may abstain from hearing a declaratory judgment action that is properly within the court's subject matter jurisdiction." *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 196 (3d Cir. 2021). In this regard,

> [t]he DJA provides that a jurisdictionally-competent federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Through the vehicle of establishing a remedy, Congress textually carved out a sphere of discretion into an otherwise "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citations omitted). In other words, the "statute's textual commitment to discretion" vests federal courts with "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citations omitted).

*State Nat'l Ins. Co., Inc. v. Landis*, Civ. A. No. 14-607, 2015 WL 291722, at *3 (E.D. Pa. Jan. 15, 2015).

This discretion under the DJA, however, "is not absolute." *Id.* While "the Supreme Court has . . . framed DJA discretion in broad terms," it has also made the point that a court's exercise

---

[8] Zurich did not address whether the court should exercise discretion under the DJA in its motion for a default judgment. *See generally* Doc. No. 9.

[9] The DJA "does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp., Inc. v. Sec. U.S. Dep't of Health and Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) and *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017)).

of that discretion "is bounded and reviewable." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139–40 (3d Cir. 2014). As such,

> [o]n the one hand, courts may abstain based on "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288, 115 S.Ct. 2137. On the other hand, the "wholesale" dismissal of certain types of cases brought under the DJA is improper, as litigants should not be unjustifiably denied the right to obtain an authorized remedy in federal court. *See Reifer*, 751 F.3d at 147.

*Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017).

In determining whether to exercise discretion under the DJA,

> [c]ourts should first determine whether there is a "parallel state proceeding." *Id.* at 143, 146. Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with "increased emphasis." *Id.* at 144; *see also Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 394 (5th Cir. 2003) (noting that "the presence or absence of a pending parallel state proceeding is an important factor"); *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998) ("[T]he existence of [a parallel state] proceeding should be a significant factor in the district court's determination. But it is not dispositive."). We have held, as a result, that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Reifer*, 751 F.3d at 144. Inversely, the existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction." *Id.* at 144-45.

> . . .

> A parallel state proceeding is a pending matter "involving the same parties and presenting [the] opportunity for ventilation of the same state law issues." *Wilton*, 515 U.S. at 283, 115 S.Ct. 2137; *see also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000) (describing a parallel proceeding as one in which "the same issues are pending"). Germane factors include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined. *See Brillhart*[ *v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942)]; *see also Md. Cas. Co. v. Consumers Fin. Serv., Inc., of Pa.*, 101 F.2d 514, 515 (3d Cir. 1938) (explaining that a court may abstain from issuing a declaratory judgment that is "being sought merely to determine issues involved in cases already pending," but not "if the controversy between the parties will not necessarily be determined in" that pending action). Such analysis contemplates comparing the state and federal action as they contemporaneously exist, not as they might eventually be.

> . . .

. . . [Additionally, a] state proceeding does not parallel a federal proceeding just because there is the <u>potential</u> that issues in the latter may arise in the former. The proceedings must involve substantially similar parties and claims at the time the federal court is deciding whether to abstain.

*Id.* at 282, 284, 285.

Here, the court has no difficulty concluding that the *Noble* action is not a parallel state proceeding. As Zurich is not a party to the *Noble* action, it cannot constitute a parallel state proceeding. *See Homesite Ins. Co.*, 2017 WL 5172294, at *3 ("Here, there is no pending parallel state proceeding. Homesite is not a party to the civil action in the Court of Common Pleas and no action for declaratory relief has been filed in that court."). In addition, unlike the instant case, where Zurich's obligation to defend and indemnify Gutowski is at issue, there is nothing in the record indicating that the issue of Zurich's coverage obligation is part of the *Noble* action. Instead, the issues in that state-court action relate to whether Gutowski was negligent while operating the Silverado and whether Total Rental negligently hired Gutowski. *See generally Noble* 3d Am. Compl. at ECF pp. 7–12 (identifying causes of action). As there is no indication that the ultimate resolution of the *Noble* action would resolve the issue of whether Zurich is obligated to defend and identify Gutowski in that case, this weighs in favor of determining that the *Noble* action is not a parallel state proceeding. *See, e.g.*, *Foremost Ins. Co. v. Nosam, LLC*, No. 5:17-cv-2843, 2018 WL 417035, at *2 (E.D. Pa. Jan. 12, 2018) ("[D]eciding the sole issue in the state tort action: the alleged negligence of Nosam, LLC and Cathy Kopicz, will not resolve the issue in this case of whether Foremost has a duty to defend and indemnify."). At bottom, the *Noble* action does not involve substantially similar parties and claims to this case and, as such, it is not a parallel state proceeding.

This "absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Riefer*, 751 F.3d at 144. "In this circumstance, as part of exercising sound and reasoned discretion, district courts

declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel

state proceedings is outweighed by opposing factors." *Id.* Regarding these factors, the court must

> give the following and other factors "meaningful consideration … to the extent they
> are relevant":
>
> (1) the likelihood that a federal court declaration will resolve the uncertainty of
> obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing
> or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's
> duty to defend in a state court and its attempt to characterize that suit in federal
> court as falling within the scope of a policy exclusion.

*Kelly*, 868 F.3d at 282–83 (footnote omitted) (quoting *Riefer*, 751 F.3d at 146). "[T]his list of

factors is not exhaustive and . . . other considerations might be relevant in the appropriate case."

*Id.* at 282 n.6.

After analyzing the relevant factors, the court finds that they do not outweigh the lack of a

parallel state proceeding to warrant declining jurisdiction in this case. Regarding the first factor, it

favors the court exercising jurisdiction because "a declaratory judgment by [this court] would

resolve the uncertainty that prompted" Zurich filing this declaratory judgment action because

"[d]eclaratory relief by th[is court] would unquestionably clarify and settle the dispute regarding

[Zurich's] obligations under the insurance policy." *Kelly*, 868 F.3d at 288. Concerning the second

factor, it also weighs in favor of the court exercising jurisdiction because "none of the parties will

be inconvenienced by having this matter adjudicated in th[is] federal forum." *Id.* In this regard, despite having its principal place of business in Illinois, Zurich chose to file the action here, and Gutowski resides within this federal district. *See* Compl. at 1, 2 (alleging Gutowski's address); *Allied World Specialty Ins. Co. v. Indep. Blue Cross*, Civ. A. No. 17-1463, 2017 WL 4922177, at *3 (E.D. Pa. Oct. 31, 2017) ("As to the second factor, the parties will not be inconvenienced by having this matter adjudicated in this forum. Independence has its principal place of business in Pennsylvania, and Allied World chose this forum in filing this lawsuit."). In addition, the *Noble* action is proceeding in the Court of Common Pleas of Montgomery County, which is part of the Eastern District of Pennsylvania, and it also appears that Noble and Total Rental reside in the Eastern District of Pennsylvania. *See Noble* 3d Am. Compl. at ECF p. 5 (alleging Noble's and Total Rental's addresses). As for the third factor, this factor also does not weigh against the exercise of jurisdiction because there is no indication that "any public interest is at stake other than the usual interest in the fair adjudication of legal disputes," which is something that this court "is well-equipped to address." *Kelly*, 868 F.3d at 288 (footnote omitted). Concerning the fourth factor, it weighs in favor of the court exercising jurisdiction because "the parties do not argue that other remedies would be adequate, let alone more convenient[, and t]he state and federal courts are equally able to grant effective relief in the[] circumstances" presented here. *Id.*[10] In addition, for Zurich to obtain the relief it is seeking in this case, it would have to file a new action in the state court, which is surely more expensive, less convenient, and less efficient than having the matter resolved here and now. *See Foremost Ins. Co.*, 2018 WL 417035, at *3 ("Foremost is not a party in the state action and even if it could seek declaratory relief in the state court, to do so now would require the filing of a new action."). With regard to the fifth factor, it does not weigh against this

---

[10] Obviously, as a party in default, Gutowski has not provided any input in this matter.

court exercising jurisdiction because the issue of Zurich's obligations to Gutowski under the Policy is not pending in a state court. Also, as already explained, Zurich is not a party in the *Noble* action, and the insurance coverage dispute could not be fully resolved unless Zurich was a party to that action. "As a result, the general policy of restraint does not apply in the present case." *Kelly*, 868 F.3d at 289. Concerning the sixth factor, "there is no reason at this juncture to be concerned about duplicative litigation as the issues in" this declaratory judgment action and the *Noble* action are distinct. *Id.* Instead, resolving the coverage dispute here will "avoid duplicative litigation, considering that the parties have already begun to litigate the issue" of Zurich's coverage in this federal forum. *Id.* (emphasis omitted). As to the seventh factor, it does not apply in this case because "[t]here is no pending state court proceeding . . . between these two parties, so res judicata is not a concern." *Jul-Bur Assocs., Inc. v. Selective Ins. Co. of Am.*, Civ. A. No. 20-1977, 2021 WL 515484, at *5 (E.D. Pa. Feb. 11, 2021). Even if it did apply, there is no concern that this declaratory judgment action is being used as a method of procedural fencing or as a means to provide another forum in a race for res judicata. Regarding the eighth and final factor, it does not weigh against the court exercising jurisdiction because Zurich "is not a  party in the state tort action and, regardless, any inherent conflict of interest between [Zurich's] position in this declaratory judgment action and what might be raised in the state action would be the same regardless of whether the insurance coverage dispute is litigated in state" or this court. *Foremost Ins. Co.*, 2018 WL 417035, at *3 (citation omitted). Accordingly, after balancing these factors, the court will continue to exercise jurisdiction over this matter.

### 3.        Personal Jurisdiction and Service of Process

The court has general personal jurisdiction over Gutowski because he is domiciled in the Commonwealth of Pennsylvania. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general [personal] jurisdiction is the individual's domicile[.]"). Nonetheless, the court recognizes that Zurich must have properly served process before the court obtains personal jurisdiction over Gutowski. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." (citations omitted)). Here, Zurich has filed an affidavit of service showing that a process server personally served the summons and complaint upon Gutowski at his address at 431 Williams Street, Apt. 1, Hamburg, PA on September 19, 2022, at 7:55 a.m. *See* Doc. No. 5. Therefore, Zurich appears to have properly served Gutowski. *See* Fed. R. Civ. P. 4(e)(2)(A) (stating that service upon an individual within a judicial district of the United States may be effected by "delivering a copy of the summons and of the complaint to the individual personally").

### 4.    Whether the Complaint Establishes a Legitimate Cause of Action

Before entering a default judgment, this court should "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union Local 32BJ, Dist. 36*, 325 F. Supp. 3d at 635 (citation and internal quotation marks omitted). In this case, Zurich seeks a declaration that it has no duty to defend or indemnify Gutowski under its policy with Total Rental.

In addressing whether this requested declaration is proper, the court applies Pennsylvania law, which provides that

> the interpretation of an insurance policy is generally a question of law for the court. *401 Fourth St., Inc. v. Invs. Ins. Grp.*, 879 A.2d 166, 170 (Pa. 2005). The duty to defend arises where the factual allegations of the underlying complaint, taken as true, come potentially within the scope of coverage of a policy. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010). In determining whether a duty to defend exists, the Court compares the four corners of the underlying

complaint to the policy language. *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 291 (Pa. 2007). "[T]he duty to defend is not limited to meritorious actions; it even extends to actions that are 'groundless, false, or fraudulent' as long as there exists the possibility that the allegations implicate coverage." *Am. & Foreign Ins. Co.*, 2 A.3d at 541 (internal citation omitted). "Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005).

*Am. Strategic Ins. Corp. v. Burkhardt*, Civ. A. No. 22-18, 2022 WL 1157892, at *2 (E.D. Pa. Apr. 19, 2022).

After comparing the four corners of Zurich's complaint to the Policy, Zurich has asserted a legitimate cause of action that it has no duty to defend or indemnify Gutowski in the *Noble* action. As indicated above, Total Rental is the "Named Insured" under the Policy. *See* Compl., Ex. D at ECF pp. 4, 32. The Policy also defines as an "insured" "anyone else using with your permission a covered 'auto' you own, hire or borrow[.]" Compl., Ex. D at ECF p. 33. The Policy further defines as insureds Total Rental employees to the extent that "the covered 'auto' is owned by that 'employee' or a member of his or her household" or they "us[e] a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." *See id.* at ECF pp. 34, 76.

The Silverado Gutowski was operating at the time of the accident is a covered auto under the Policy because Total Rental owned it. *See* Compl. at ¶ 5. As Zurich argues in its supporting brief, Total Rental's ownership of the Silverado means that Gutowski would not qualify as an insured pursuant to the employee provisions referenced above. *See* Br. in Supp. of the Mot. for Entry of Default J. of Pl. Zurich Am. Ins. Co. at 7, Doc. No. 9-2. Therefore, the only way that the court could determine that Gutowski qualified as an insured under the Policy is if he used the Silverado with Total Rental's permission.

Although, normally, it would be incumbent on Gutowski to show that he qualified as an insured under the Policy, as he has chosen not to participate in this action, he cannot meet this

burden. *See State Farm Fire & Cas. Co. v. Mehlman*, 589 F.3d 105 (3d Cir. 2009) ("Ordinarily in insurance coverage disputes an insured bears the initial burden to make a prima facie showing that a claim falls within the policy's grant of coverage, but if the insured meets that burden, the insurer then bears the burden of demonstrating that a policy exclusion excuses the insurer from providing coverage if the insurer contends that it does." (citing *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996))); *Lansdale 329 Prop, LLC v. Hartford Underwriters Ins. Co.*, 537 F. Supp. 3d 780, 787 (E.D. Pa. 2021) ("The insured bears the initial burden of establishing coverage under the policy."); *Estate of O'Connell ex rel. O'Connell v. Progressive Ins. Co.*, 79 A.3d 1134, 1138 (Pa. Super. 2013) ("[I]t is the insureds' burden to establish coverage under an insurance policy."). Nevertheless, the information provided by Zurich sufficiently shows that Gutowski was not a permitted user of the Silverado at the time of the accident.

In this regard, Zurich points out that Noble acknowledges in her operative complaint in the state court action that Gutowski had operated the Silverado "outside the course and scope of his employment with" and "without authorization from" Total Rental. Compl. at ¶ 20 (citing *Noble* 3d Am. Compl. at ¶¶ 29, 30). In addition, Zurich notes that Gutowski pleaded guilty to Unauthorized Use of Automobiles and Other Vehicles (18 Pa. C.S. § 3928(a)) in the Court of Common Pleas of Chester County on December 17, 2019. *See* Compl. at ¶ 18 (citing to Docket, *Commonwealth v. Gutowski*, No. CP-15-CR-3222-2019 (Chester Cnty. Ct. Com. Pl.)). To be found guilty of this offense, Gutowski had to admit during his plea colloquy that he used an automobile "without consent of the owner." 18 Pa. C.S. § 3928(a). Gutowski admitted to this when he acknowledged as part of his plea that "on August 10th of 2019, . . . [he] took a car owned by his employer without the employer's permission and operated that motor vehicle." Dec. 17, 2019 Tr. at 5, *Commonwealth v. Gutowski*, No. CP-15-CR-3222-2019 (Chester Cnty. Ct. Com. Pl).

Therefore, between Gutowski's failure to appear in this action to satisfy his burden to show he qualifies as an insured, and the information provided by Zurich, the court finds that Zurich has shown it has a legitimate cause of action that it has no duty to defend or indemnify Gutowski because he did not qualify as an insured under the Policy insofar as he was not a permitted user of the Silverado at the time of the accident.

### 5.   The *Chamberlain* Factors

Under *Chamberlain*, the court must consider the following factors in determining whether to grant a default judgment: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d at 164 (citation omitted). Regarding the application of these factors, the first factor is satisfied and strongly supports granting the motion for a default judgment because Zurich would be prejudiced if the court denies the motion. Zurich is currently expending funds under a reservation of rights to defend Gutowski in the *Noble* action. It is doing so even though, as the court has determined, Gutowski is not entitled to coverage under the Policy. To deny this motion would prejudice Zurich by requiring it to continue to participate in the *Noble* action despite it not having any legal obligation to do so.

As for the second factor, "the court may presume that an absent defendant who has failed to answer has no meritorious defense, because [i]t is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271–72 (E.D. Pa. 2014) (internal citations and quotation marks omitted). Nevertheless, Gutowski appears to have no defense to Zurich's claim that it does not owe him a duty to defend or indemnify them in the *Noble* action insofar as he does not appear to have a

plausible argument that he permissively used Total Rental's Silverado at the time of the accident. Thus, the second factor also strongly supports granting the motion for a default judgment.

Concerning the final factor, for the court to find that Gutowski exhibited culpable conduct, he would have had to act "willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). Trial courts have reached different conclusions regarding whether a defendant's failure to appear and defend can, in itself, constitute culpable conduct. *See State Farm Fire & Cas. Co. v. Hunt*, Civ. A. No. 14-6673, 2015 WL 1974772 at *5 (E.D. Pa. May 4, 2015) (discussing different court conclusions on this issue). In this regard,

> [s]ome courts have held that the [culpable conduct] factor to be neutral where the court has no information relating to the motivations of the defendant in failing to appear and defend[, and o]ther courts have found that the defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment-indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.

*Id.* (internal citations and quotation marks omitted).

Here, Zurich has submitted proof that its process server hand-delivered the complaint in this case to Gutowski,[11] and it has mailed the motion for a default judgment to him. There is nothing in the record for the court to infer that Gutowski's failure to act in this case is anything other than deliberate action, which would constitute culpable conduct and weigh in favor of a default judgment. Even if Gutowski's failure to appear and defend (or respond to the motion for a default judgment) is not culpable conduct, this factor would be neutral and, in light of the strength of the other factors favoring a default judgment, would not prevent the court from exercising discretion, granting the instant motion, and entering a default judgment in this case.

---

[11] While the court has not taken the statement in the affidavit of service as true, the court notes that the affidavit of service seemingly indicates that Gutowski did not appear pleased to receive the complaint in this case. *See* Doc. No. 5.

### III.    CONCLUSION

As explained above, the court has subject-matter jurisdiction over this action and finds that the exercise of this jurisdiction under the DJA is proper. The court also has personal jurisdiction over Gutowski, and it appears that Zurich properly served him with the summons and complaint. Zurich also served Gutowski with a copy of the motion for a default judgment, and he has not responded to this motion. In addition, Zurich has asserted a legitimate cause of action for a declaratory judgment. Moreover, the court's analysis of the *Chamberlain* factors strongly favors granting the instant motion and entering a default judgment as the first two factors strongly favors granting the motion even if the court were to find that the third factor is neutral. Accordingly, the court will grant the motion for a default judgment and enter a declaration that Zurich has no duty to defend or indemnify Gutowski in the *Noble* action.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.